UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| HOLLY LONDERS, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | |
| INTEL CORPORATION, | |
| Defendant. | |

## NOTICE OF REMOVAL[1]

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as well as Local Rule 4.02 of the United States District Court for the Middle District of Florida, Defendant, Intel Corporation ("Intel"), removes this action from the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida to the United States District Court for the Middle District of Florida, Orlando Division. Removal is proper because this Court has diversity jurisdiction over this action pursuant to 26 U.S.C. § 1332. Accordingly, Intel removes this action, and in support of its removal, Intel states as follows:

---

[1] This Notice of Removal is made without waiver of, but rather in full preservation of, all defenses that may be available to Intel including, but not limited to, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Fed. R. Civ. P. 19.

46803673.1

1.    On February 17, 2021, Plaintiff Holly Londers, individually and on behalf of all others similarly situated, filed a complaint and commenced a civil action in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, captioned *Londers v. Intel Corporation*, Case No. 35-2021-CA-000301 (the "State Court Action").  Plaintiff's complaint alleges that Intel violated the Florida Security of Communications Act, Fla. Stat. § 934.01 *et seq*. when it used tracking, recording, and/or "session replay" software to intercept Plaintiff's and the putative class members' electronic communications with Intel's website www.intel.com. *See* Compl. at ¶¶ 1–2, 10–11.

2.    Intel was served with the summons and complaint on February 24, 2021. True and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind then on file in the State Court Action, as well as the State Court docket, are attached hereto as follows: The Complaint filed in the State Court Action is attached hereto as **Exhibit "A,"** a copy of the State Court Action Docket Sheet is attached hereto as **Exhibit "B,"** copies of all process, pleadings, and orders in the State Court Action and not previously referenced are attached hereto as **Exhibit "C,"** and a copy of the State Court Action Civil Cover Sheet is attached hereto as **Exhibit "D."** No other pleadings or motions have been filed in the State Court Action.

3.      The basis for removal and this Court's original jurisdiction over this action derives from 28 U.S.C. §1332 because this is a putative class action in which the complaint alleges that the putative class includes no less than 100 individuals, Plaintiff is a citizen of a State different from Intel, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. Removal is proper under 28 U.S.C. § 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. § 1332(d)(2).

4.      Intel files this notice of removal within 30 days of service of the complaint on Intel.  28 U.S.C. § 1446(b)(3).

## Diversity Jurisdiction

5.      This action is removable under the Class Action Fairness Act, 28 U.S.C. § 1332, because: (i) it is a putative class action; (ii) the putative class exceeds 100 individuals; (iii) Plaintiff is a citizen of a State different from Intel; and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

6.      *First*, this case is a putative class action.  The putative class is composed of "All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent."  Compl. at ¶ 20.

3

7.      *Second*, the proposed class, on information and belief, exceeds 100 individuals.  (*See id.* at ¶ 22) (Class is "believed to be no less than 100 individuals"); (Declaration of Scott Pearce attached hereto as **Exhibit "E"** ("Pearce Decl.") at ¶ 2) (without conceding the legal conclusion that putative class member's "electronic communications were intercepted by Defendant or on Defendant's behalf without their prior consent," confirming that at least 100 individuals visited intel.com from locations within Florida between January 2019 and January 2021).

8.      *Third*, the plaintiff is a citizen of a different State than the defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen and resident of Lake County, Florida.  (Compl. at ¶ 5.)  Intel is a Delaware corporation with its principal place of business in California and is therefore a citizen of Delaware and California. (*See* Pearce Decl. ¶ 3); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . .").

9.      *Fourth*, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  While the complaint does not specify the total amount of damages Plaintiff and the putative class seek, Plaintiff alleges that "the aggregate damages sustained by the Class are potentially in the millions of dollars."  (Compl. at ¶ 28). Plaintiff seeks at least $1,000 in statutory liquidated damages on behalf of herself and each member of the putative class.  (*See id.* at ¶ 39) (citing Fla. Stat. §

934.10(1)(b)). Between January 2019 and January 2021, more than 5,000 individuals from locations in Florida have visited Intel's website.  (*See* Pearce Decl. at ¶ 2). Therefore, though Intel denies liability as to Plaintiff's claims and the claims of putative class members, based on the allegations in the complaint and the number of individual visitors to Intel's website between January 2019 and January 2021, the alleged amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs.

## **Other Requirements for Removal**

10.     The United States District Court for the Middle District of Florida includes the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1446(a).  Lake County, Florida lies in jurisdiction of the Orlando Division of this Court.

11.     The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the Action must either join in the removal, or file a written consent to the removal. Intel is the only named defendant in this Action. As such, there are no other defendants whose consent to this removal is necessary or required; particularly in light of 28 U.S.C. § 1453(b) which does not require the consent of all defendant in the removal of a class action.

12.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the instant Notice of Removal will be promptly served on all Parties, and a copy will be promptly filed with the Clerk of the Court for the Circuit Court in and for Lake County, Florida. A copy of the Notice of Filing of Notice of Removal that will be promptly served on all Parties and filed with the Clerk of the Court for the Circuit Court in and for Lake County, Florida is attached hereto as **Exhibit "F."**

13.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Intel's right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to Fed. R. Civ. P. 12, or a motion to compel arbitration pursuant to any applicable contract or statute.

14.     This notice is signed pursuant to Federal Rule of Civil Procedure 11.

15.     A copy of the civil cover sheet is being filed with this Notice of Removal.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 this Court has jurisdiction over this Action, and Defendant Intel hereby removes this Action from the Circuit Court in and for Lake County, Florida to this United States District Court for the Middle District of Florida, Orlando Division.

Dated: March **26**, 2021.          Respectfully submitted,

By:   */s/ Beth-Ann E. Krimsky*
      BETH-ANN E. KRIMSKY
      Fla. Bar No. 968412
      Email:beth-ann.krimsky@gmlaw.com

Email: clemencia.corzo@gmlaw.com
AARON T. WILLIAMS
Fla. Bar No. 99224
Email: aaron.williams@gmlaw.com
Email: agatha.mctier@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-2427
Fax: (954) 333-4027

Vanessa S. Power (*Pro Hac Vice*
application forthcoming)
vanessa.power@stoel.com
**STOEL RIVES LLP**
600 University St., Suite 3600
Seattle, WA 98101
Telephone: (206) 386-7553

*Attorneys    for    Defendant    Intel
Corporation*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **26th** day of March 2021, a copy of the
foregoing Notice of Removal was filed with the Clerk of the Court using the
CM/ECF system which will send notification of such filing to all parties and
attorneys of record. Additionally, on the above date, the foregoing was served via
email to: Shamis & Gentile, P.A., Andrew J. Shamis, Esq.,
ashamis@shamisgentile.com, 14 NE 1st Ave., Suite 705, Miami, Florida 33132,
Edelsberg Law, P.A., Scott Edelsberg, Esq., scott@edelsberglaw.com, 20900 NE
30th Ave., Suite 417, Aventura, FL 33180, Hiraldo P.A., Manuel Hiraldo, Esq.,
MHiraldo@Hiraldolaw.com, 401 E. Las Olas Blvd., Suite 1400, Fort Lauderdale,
FL 33301, *Attorneys for Plaintiff*.

By:    */s/ Beth-Ann E. Krimsky*
            BETH-ANN E. KRIMSKY

46803673.1